Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| DANIEL SERRANO ZAPATA<br><br>*Recurrido*<br><br><br>v.<br><br><br>KEISHLA MARIE SERRANO MARTÍNEZ<br><br>*Peticionaria* | KLCE202400296 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Cabo Rojo<br><br>Caso Núm.: CB2023CV00536 (Salón 200)<br><br>Sobre: Acción Resolutoria y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de abril de 2024.

Comparece ante nos Keishla Marie Serrano Martínez (señora Serrano Martínez o parte peticionaria) mediante recurso de *Certiorari* y nos solicita la revocación de la *Resolución* emitida el 6 de febrero de 2024, notificada el 9 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Cabo Rojo (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar una *Moción de Desestimación* presentada por la señora Serrano Martínez.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari*.

## I.

Según surge del expediente apelativo, el 10 de agosto de 2023, Daniel Serrano Zapata (señor Serrano Zapata o recurrido) presentó una *Demanda*[1] sobre revocación de donación y daños y perjuicios contra su hija, la señora Serrano Martínez. En esta, el recurrido

---

[1] Véase Apéndice del recurso de *Certiorari*, pág. 1-7.

alegó que, el 3 de noviembre de 2016, otorgó la escritura número ochenta y seis (86) sobre compraventa, en conjunto con la señora Keila B. Martínez Ramos (señora Martínez Ramos), quien para aquel entonces, era su cónyuge[2]. Mediante dicha escritura adquirieron a título oneroso y por el precio de $130,000.00 una propiedad inmueble localizada en el municipio de Cabo Rojo, Puerto Rico. Añadió que, posteriormente, el 17 de marzo de 2017, el señor Serrano Zapata y la señora Martínez Ramos, progenitores de la peticionaria, otorgaron la escritura número veintisiete (27) sobre donación, mediante la cual ambos donaron de forma graciosa sus participaciones en el inmueble antes mencionado a la peticionaria, quien aceptó la donación. El señor Serrano Zapata sostuvo que las partes acordaron que la propiedad donada continuaría siendo oficina y almacén del negocio entonces familiar, C-Red Agricultural Services (C-Red), a cambio del pago anual de las contribuciones territoriales que genera anualmente la propiedad, el mantenimiento, las reparaciones y la realización de mejoras que quedarían a favor de la peticionaria. Añadió que, la peticionaria era empleada de C-Red y laboró junto al recurrido en el negocio, el cual le fue adjudicado en su totalidad en la liquidación de bienes gananciales. Sin embargo, el recurrido señaló que, tiempo después, la peticionaria incurrió en actos de maltrato hacia su persona, conductas violentas, usurpación, escalamiento agravado, daños a la propiedad ajena y falsificación de firma en un contrato de venta al por menor a plazos de un vehículo de motor.

En vista de lo anterior, el señor Serrano Zapata solicitó como remedio la revocación de la donación; que se le restituya la mitad y/o el valor del cincuenta por ciento (50%) en la propiedad donada, incluyendo las mejoras y frutos; que se ordene eliminar al recurrido

---

[2] El señor Serrano Zapata afirmó en la *Demanda* que, el 31 de agosto de 2021, el matrimonio fue disuelto por sentencia de divorcio en el caso CB2021RF00026.

del contrato de financiamiento del vehículo de motor o, en su defecto, que se le impusiera a la peticionaria el pago de $50,000.00 en concepto de daños y perjuicios, más las costas, gastos y honorarios de abogado.

En respuesta, el 10 de noviembre de 2023, la señora Serrano Martínez presentó una *Moción solicitando desestimación al amparo de la Regla 10.2 de Procedimiento Civil*[3]. En esencia, adujo que la donación efectuada a su favor fue realizada por ambos progenitores durante su matrimonio, por lo cual el foro primario estaba impedido de adjudicar la controversia sin la presencia de su madre, la señora Martínez Ramos, quien no fue acumulada como parte en el presente pleito. Por tanto, solicitó la desestimación de la *Demanda*, así como la imposición de costas, gastos y honorarios de abogado.

Posteriormente, el 5 de febrero de 2024, el señor Serrano Zapata presentó *Oposición a Solicitud de Desestimación*[4]. Alegó que la propiedad fue donada por el recurrido y la señora Martínez Ramos, quienes eran dueños en partes iguales. Por tanto, arguyó que su solicitud de revocación de donación gira en torno a la mitad del inmueble, lo cual no afecta ni lesiona derecho alguno de la señora Martínez Ramos ni constituye parte indispensable en el pleito.

Así las cosas, el 6 de febrero de 2024, notificada el 9 de febrero de 2024, el TPI emitió una *Resolución*[5], en la que declaró No Ha Lugar la moción de desestimación presentada por la señora Serrano Martínez.

En desacuerdo, el 11 de marzo de 2024, la señora Serrano Martínez compareció ante nos mediante recurso de *Certiorari*, en el que atribuyó al TPI la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar NO HA LUGAR nuestra solicitud de desestimación sobre falta de

---

[3] Véase Apéndice del Recurso de *Certiorari*, págs. 11-17.
[4] Véase Apéndice del Recurso de *Certiorari*, págs. 19-23.
[5] Véase Apéndice del Recurso de *Certiorari*, págs. 24-25.

parte indispensable, presentada al amparo de la Regla 10.2 de Procedimiento Civil, cuando a la luz de las alegaciones de la Demanda en el presente caso existe una falta de parte indispensable.

Mediante *Resolución* emitida el 13 de marzo de 2024 concedimos a la parte recurrida un término de diez (10) días para expresarse en torno a la expedición del auto de *certiorari*. Transcurrido en exceso dicho término, sin que la parte recurrida se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[6]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[7]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[8]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[9].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[10]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando

---

[6] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[7] *Íd.*
[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[9] *Íd.*
[10] 32 LPRA Ap. V, R. 52.1.

"se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[11]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[12].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra,* pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento, 4 LPRA XXII-B, R. 40. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes

---

[11] *Íd.*
[12] *Íd.*

enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[13]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[14].

**-B-**

La Regla 16.1 de Procedimiento Civil establece el mecanismo de acumulación de parte indispensable. Esta regla, en lo pertinente, establece lo siguiente:

> Las personas que tengan un **interés común sin cuya presencia no pueda adjudicarse la controversia**, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.[15] (Énfasis nuestro).

Sobre esta norma procesal nuestro Tribunal Supremo ha expresado, en primer término, que es parte de la protección constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. En segundo término, que responde a la necesidad de incluir a una parte indispensable para que el dictamen judicial que pueda ser emitido sea completo para las personas que ya son partes en el pleito[16].

Asimismo, nuestra última instancia en derecho ha expresado que las cuestiones litigiosas ante el Tribunal no pueden adjudicarse correctamente sin la presencia de una parte cuyo interés o derecho puede verse seriamente afectado por una determinación judicial[17]. La ausencia de una parte indispensable priva al tribunal de jurisdicción para resolver la controversia[18].

Ahora bien, el "interés común" al que hace referencia la Regla 16.1, *supra,* no debe interpretarse por criterios puramente

---

[13] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[14] *I.G. Builders et al. v. BBVAPR, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[15] 32 LPRA Ap. V, R. 16.1.
[16] *RPR & BJJ, Ex parte,* 207 DPR 389 (2021).
[17] *Íd.*, pág. 14.
[18] *Íd.*

semánticos[19]. Dado que este **no se refiere a cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente**[20]. (Énfasis nuestro). La determinación sobre la necesidad de acumular una parte por ser indispensable es una tarea que le corresponde a los tribunales, según los hechos específicos de cada caso y el tipo de pleito[21]. Los tribunales deben evaluar factores tales como el tiempo, el lugar, el modo, las alegaciones, la prueba, la clase de derechos, los intereses en conflicto, el resultado y la formalidad[22]. "[L]o fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente"[23].

**-C-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[24], "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[25]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) **dejar de acumular una parte indispensable**[26].

---

[19] *Íd.*
[20] *Íd.*, págs. 14-15.
[21] *Íd.*, pág. 15.
[22] Íd., pág. 16.
[23] *Íd.*, citando a *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007).
[24] 32 LPRA Ap. V, R. 10.2.
[25] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[26] 32 LPRA Ap. V, R. 10.2. *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra,* los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[27]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[28]. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[29]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[30]

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "**debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'**". (Énfasis nuestro)[31]. Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de su análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una

---

[27] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.
[28] *Íd.,* pág. 429.
[29] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[30] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429.
[31] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429, que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[32].

El doctor Cuevas Segarra nos comenta que el Tribunal Supremo de Puerto Rico explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 309 (1970), lo siguiente:

> El texto de la actual Regla es aun más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la *concesión de un remedio*, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de *Boulon*, particularmente la de que una demanda no debe ser desestimada por insuficiencia, **a menos que se desprenda con toda certeza que el demandante no tiene derecho a *remedio alguno* bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**, tienen aun mayor virtualidad [...]. (Énfasis nuestro)

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* "debe establecer con toda certeza que el demandante **no tiene derecho a remedio alguno bajo cualquier estado de derecho** que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor"[33]. (Énfasis nuestro). Sin embargo, esto último "se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas"[34].

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10. 2(5), *supra,* **"[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda."**. (Énfasis nuestro). Así pues, al analizarse una moción de desestimación presentada tras

---

[32] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.
[33] *Íd.,* pág. 530.
[34] Cuevas Segarra, *op. cit.*, pág. 529.

una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda"[35].

**III.**

Es la contención de la parte peticionaria en el recurso de epígrafe que incidió el foro primario al no conceder la moción dispositiva y al denegar su solicitud de desestimación sumaria de las reclamaciones presentadas por el señor Serrano Zapata.

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción cuando, entre otras instancias, se recurre de la denegatoria de una moción de carácter dispositivo. La *Moción solicitando desestimación al amparo de la Regla 10.2 de Procedimiento Civil* presentada por la peticionaria, es una moción de carácter dispositivo, cuya denegatoria por el foro primario es revisable ante este Tribunal de Apelaciones mediante recurso de *certiorari*.

No obstante, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Así pues, evaluado el recurso de *certiorari* aquí presentado por la parte peticionaria junto a la *Resolución* recurrida, bajo los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, somos del criterio que procede denegar la expedición del auto de *certiorari*. Colegimos que, en la resolución recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI[36]. Lo cierto es que no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que mueva nuestra discreción para intervenir con el dictamen recurrido.

---

[35] *Íd.,* pág. 532.
[36] Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *certiorari* solicitado por la parte peticionaria.

**IV.**

Por los fundamentos anteriormente expresados, **denegamos** la expedición del auto de *certiorari* solicitado por la señora Serrano Martínez.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones